IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAYNA GETZ,                                :
                                           :
      Plaintiff,                           :
                                           :
v.                                         :   Civ. No. 15-567-LPS
                                           :
CHRISTINE DUNNING, in her individual       :
capacity; STEPHEN DAVIS, in his            :
individual capacity; ELIZABETH             :
SIMMONS, in her individual capacity,       :
                                           :
      Defendants.                          :

---

John R. Weaver, Jr., JOHN R. WEAVER JR., P.A., Wilmington, DE

    Attorney for Plaintiff Dayna Getz.


Laura T. Hay, NEW CASTLE COUNTY OFFICE OF LAW, Wilmington, DE

    Attorneys for Defendants Christine Dunning, Stephen Davis, and Elizabeth Simmons.


**MEMORANDUM OPINION**


March 30, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. BACKGROUND

Plaintiff Dayna Getz ("Getz" or "Plaintiff") is a former employee of New Castle County. (D.I. 1 ¶ 8) She worked as a circulation desk aide at the Kirkwood Library for about four years until, allegedly, she was wrongfully accused of telling a library volunteer to "shut the hell up," and a month later she was fired, despite her denials. (D.I. 1 ¶¶ 9-18) Getz then filed this lawsuit, claiming that she had a property interest in her position as a public employee, and was deprived of that property interest without due process. (D.I. 1 ¶¶ 22-23) She names as Defendants various County employees who were involved in the termination process. Before the Court is their motion to dismiss. (D.I. 3)

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint

1

are true (even if doubtful in fact)." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiffs claim." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### III. DISCUSSION

The Fourteenth Amendment to the United States Constitution prohibits deprivations "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The first step in analyzing a due process claim is to determine whether the "asserted individual interest[] . . . [is] encompassed within the [F]ourteenth [A]mendment's protection of life, liberty, or property." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (internal citations and quotation marks omitted). Whether such a property interest exists is a question of state law. *See Brown v. Trench*, 787 F.2d 167, 170 (3d Cir. 1986). If a state or local law provides that a public employee may only be removed for cause, then the employee may have a protected property interest in

continued public employment. *See Chabal v. Reagan*, 841 F.2d 1216, 1223 (3d Cir. 1988); *Bishop v. Wood*, 426 U.S. 341, 344 (1976). Conversely, at-will employees do not have a property interest in continued employment. *See Robertson v. Fiore*, 62 F.3d 596, 601 (3d Cir. 1995) (*per curiam*).

The Delaware Code requires New Castle County's Human Resources Office to categorize employees based on "duties performed and responsibilities assumed," and to establish tenure for certain employees, resulting in a situation in which employees with tenure are subject to "discipline, demotion and discharge for just cause only, with right of employee appeal through provisions outlined in the New Castle County Code." 9 Del. C. § 1381. With regard to dismissal, the New Castle County Code further provides that "no dismissal of a ***permanent employee*** shall take effect until an opportunity for a pretermination hearing is given the employee and the department general manager gives to such employee a written statement setting forth the reasons therefor . . ." New Castle County Code § 26.03.907 (emphasis added).

The Code does not define "permanent employee." The Code does, however, distinguish "permanent" positions from "temporary or seasonal" and "recurring part-time" positions. New Castle County Code §§ 26.03.508, 26.03.511. The parties agree that Plaintiff's position is listed on the New Castle County pay plan for "Unclassified[1] Temporary Seasonal and Part-Time

---

[1]The New Castle County Code further divides employees into two categories: "classified" and "unclassified." Classified employees are entitled to the protections of the Merit System, including the right to a pre-termination hearing and a right to appeal a termination. *See* New Castle County Code § 26.03.003. Unclassified employees are not entitled to the protections of the Merit System, unless the code specifically states otherwise. *Id*. Here, neither party contends that Getz is not properly regarded as an "unclassified" employee.

Recurring Employees." (D.I. 3 at ¶ 7; D.I. 6 at ¶¶ 9-10) Plaintiff's argument that she should, nevertheless, be considered a "permanent" employee is conclusory and not plausible.

Plaintiff alleges that she was not a "temporary seasonal" employee because she had been employed at the library for more than the nine-month maximum for employees falling in that category. (D.I. 6 at ¶¶ 9-10) She points to no definition in the New Castle County Code of "part-time" employment. In short, Plaintiff alleges no facts from which it may be inferred that her position was not a part-time recurring position. Thus, even taking all of the well-pleaded factual allegations of the complaint as true, Plaintiff has not pled sufficient facts to demonstrate that she is a permanent employee who can only be removed for "for cause" under Delaware law.

Because a requirement that removal be "for cause" is a prerequisite to establishing a constitutionally-protected property interest in public employment, Plaintiff has failed to allege facts from which it could be found that she had such a property interest in her job as a circulation desk aide. Accordingly, she has failed to state a claim for deprivation of due process under the Fourteenth Amendment and her claim must be dismissed.

IV. CONCLUSION

An appropriate Order follows.